EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARLIE HALCOMB

RECEIVED
CITY CLERK'S OFFICE
915 I STREET, 5TH FLOOR
CITY OF SACRAMENTO

10-31-14 P03:13 RCVD

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
10/28/2014
tsmith
By_____, Deputy
Case Number:
34-2014-00170783

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Sacramento County Superior Court, Gordon D. Schaber Courthouse
710 Ninth Street, Sacramento, California 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark E. Merin; 1010 F Street, Suite 300, Sacramento, California 95814; (916) 443-6911

| DATE: *(Fecha)* OCT 28 2014 | Clerk, by *(Secretario)* T. SMITH | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Sacramento

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Public Entity
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: HALCOMB v. CITY OF SACRAMENTO | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff  [✓] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

CITY OF SACRAMENTO; JAY BROWN, in his individual capacity as a City of Sacramento police officer; FONG, in his individual capacity as a City of Sacramento police officer; DOES 1 to 50, inclusive

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
**LAW OFFICE OF MARK E. MERIN**
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiff
ARLIE HALCOMB

FILED
Superior Court Of California,
Sacramento
10/28/2014
tsmith
By_____, Deputy
Case Number:
34-2014-00170783

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

LIMITED CIVIL CASE JURISDICTION

| | |
|---|---|
| ARLIE HALCOMB,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO; JAY BROWN, in his individual capacity as a City of Sacramento police officer; FONG, in his individual capacity as a City of Sacramento police officer; DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff Arlie Halcomb brings this action against Defendants City of Sacramento and its officer employees who unlawfully breaking into his home, arresting him, and injuring him and his property.

## JURISDICTION

1. This action is a limited civil case, as the amount in controversy does not exceed $25,000.

2. Venue is proper in this court, because (1) at least one Defendant now resides in its jurisdictional area; and (2) injury to the Plaintiff occurred in its jurisdictional area.

3. On September 8, 2014, Plaintiff submitted a Claim Against the City of Sacramento to the Office of the City Clerk for the City of Sacramento. In a letter dated October 9, 2014, the Liability Claims Administrator for the City of Sacramento informed Plaintiff that his claim against the City of Sacramento was rejected.

1

## PARTIES

4. Plaintiff ARLIE HALCOMB ("Plaintiff") is, and at all material times herein was, a resident of the state of California, county of Sacramento.

5. Defendant CITY OF SACRAMENTO is a municipal entity duly organized and existing as such under the laws of the State of California, and located within the county of Sacramento.

6. Defendant JAY BROWN ("BROWN") is, and at all material times herein was, a police officer employed by the CITY OF SACRAMENTO, acting within the scope of that agency or employment and under color of state law. Defendant BROWN is sued in his individual capacity.

7. Defendant FONG is, and at all material times herein was, a police officer employed by the CITY OF SACRAMENTO, acting within the scope of that agency or employment and under color of state law. Defendant BROWN is sued in his individual capacity.

8. Defendant DOES 1 to 25 are/were the agents or employees of other named Defendants and acted within the scope of that agency or employment and under color of state law. Defendant DOES 26 to 50 are persons or entities whose capacities are unknown to Plaintiff. The real names of Defendant DOES 1 to 50 are not now known to Plaintiff who sues such Defendants by their fictitious names. Plaintiff will substitute the real names of said Defendants when ascertained.

## GENERAL ALLEGATIONS

9. On or about midnight, Friday, August 8, 2014, Plaintiff was awakened by his fiancée and told that someone was trying to break into his second floor apartment at 2786 Fruitridge Road, Unit B, Sacramento, California.

10. Plaintiff went to the front window of his apartment, drew the curtain back, and found several persons attempting to wrench the window from its track.

11. Upon noticing Plaintiff, the persons shouted that Plaintiff should open his door or they would kick it in. The persons identified themselves as police officers and claimed they had a warrant. The persons were BROWN, FONG, and other unknown CITY OF SACRAMENTO police officers.

12. In response to the threats of forced entry, Plaintiff opened the front door.

13. The police officers stormed Plaintiff's home, grabbed Plaintiff, roughly, twisting his injured right arm and shoulder over his back up to his neck, and handcuffed him.

2

COMPLAINT; DEMAND FOR JURY TRIAL
*Halcomb v. City of Sacramento*; Superior Court of California, County of Sacramento, Case No. _____

14. Plaintiff was then thrown onto his couch with such force that the main supporting center board was broken.

15. The police officers asked for a "Rosa De La Rosa." Plaintiff told the police officers that the person they were seeking lived in the neighboring unit, which was clearly labeled on the mailbox, distinct from Plaintiff's apartment.

16. Despite being informed that they had entered the wrong house, the police officers remained in Plaintiff's residence for almost an hour, abusing Plaintiff and his fiancée. The police officers put their feet up on the walls, smudging them; damaged the front door and the window, and terrorized the residents.

17. The police officers took Plaintiff and his fiancée's identification and ran the identification to see if there were any warrants or holds on them, but there were none so the police officers left.

18. The police officers politely knocked on the next apartment door, only to discover that Ms. De La Rosa was not at home. At that time, Ms. De La Rosa was at the hospital giving birth.

## FIRST CAUSE OF ACTION

### Unreasonable Search

**(Fourth Amendment to the United States Constitution; United States Code, Title 42, Section 1983)**

**Against Defendants JAY BROWN, FONG, and DOES 1 to 50**

19. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

20. Defendants searched Plaintiff's person and home.

21. Defendants did not have a warrant.

22. Defendants were acting or purporting to act in the performance of their official duties.

23. Plaintiff was harmed.

24. Defendants' unlawful search was a substantial factor in Plaintiff's harm.

25. Plaintiff is entitled to punitive damages against Defendants, because Defendants' actions were motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

3

COMPLAINT; DEMAND FOR JURY TRIAL
*Halcomb v. City of Sacramento*; Superior Court of California, County of Sacramento, Case No. _____

## SECOND CAUSE OF ACTION

Excessive Force

(Fourth Amendment to the United States Constitution; United States Code, Title 42, Section 1983)

Against Defendants JAY BROWN, FONG, and DOES 1 to 50

26. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

27. Defendants used force in detaining/arresting Plaintiff.

28. The force used by Defendants was excessive.

29. Defendants were acting or purporting to act in the performance of their official duties.

30. Plaintiff was harmed.

31. Defendants' use of excessive force was a substantial factor in causing Plaintiff's harm.

32. Plaintiff is entitled to punitive damages against Defendants, because Defendants' actions were motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## THIRD CAUSE OF ACTION

Unlawful Arrest

(Fourth Amendment to the United States Constitution; United States Code, Title 42, Section 1983)

Against Defendants JAY BROWN, FONG, and DOES 1 to 50

33. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

34. Defendants arrested Plaintiff without a warrant and without probable cause.

35. Defendants were acting or purporting to act in the performance of their official duties.

36. Plaintiff was harmed.

37. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

38. Plaintiff is entitled to punitive damages against Defendants, because Defendants' actions were motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Plaintiff.

4

1  WHEREFORE, Plaintiff prays for relief as hereunder appears.

## FOURTH CAUSE OF ACTION

### Negligence

(California Government Code Sections 815.2(a) and 820)

**Against Defendants CITY OF SACRAMENTO, JAY BROWN, FONG, and DOES 1 to 50**

39. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

40. Defendants owned Plaintiff a duty of care to not unreasonably and unlawfully break into his home, without a warrant, arrest him, and injure him and his property.

41. Defendants breached their duty of care.

42. Plaintiff was harmed.

43. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

44. Defendant CITY OF SACRAMENTO is generally liable through the principles of *respondeat superior*/vicarious liability for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment. *See* Cal. Gov. Code §§ 815.2(a), 820.

45. Plaintiff is entitled to punitive damages against Defendants (except for Defendant CITY OF SACRAMENTO), because Defendants' actions constitute oppression and/or malice resulting in great harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## FIFTH CAUSE OF ACTION

### False Arrest

(California Government Code Sections 815.2(a) and 820)

**Against Defendants CITY OF SACRAMENTO, JAY BROWN, FONG, and DOES 1 to 50**

46. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

47. Defendants arrested Plaintiff without a warrant.

48. Plaintiff was actually harmed.

49. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

5

50. Defendant CITY OF SACRAMENTO is generally liable through the principles of *respondeat superior*/vicarious liability for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment. *See* Cal. Gov. Code §§ 815.2(a), 820.

51. Plaintiff is entitled to punitive damages against Defendants (except for Defendant CITY OF SACRAMENTO), because Defendants' actions constitute oppression and/or malice resulting in great harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (California Government Code Sections 815.2(a) and 820)

**Against Defendants CITY OF SACRAMENTO, JAY BROWN, FONG, and DOES 1 to 50**

52. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

53. Defendants' conduct was outrageous.

54. Defendants intended and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

55. Plaintiff did suffer severe emotional distress.

56. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

57. Defendant CITY OF SACRAMENTO is generally liable through the principles of *respondeat superior*/vicarious liability for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment. *See* Cal. Gov. Code §§ 815.2(a), 820.

58. Plaintiff is entitled to punitive damages against Defendants (except for Defendant CITY OF SACRAMENTO), because Defendants' actions constitute oppression and/or malice resulting in great harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

6

COMPLAINT; DEMAND FOR JURY TRIAL
*Halcomb v. City of Sacramento*; Superior Court of California, County of Sacramento, Case No. _____

## SEVENTH CAUSE OF ACTION

Assault and Battery

(California Government Code Sections 815.2(a) and 820)

**Against Defendants CITY OF SACRAMENTO, JAY BROWN, FONG, and DOES 1 to 50**

59. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

60. Defendants intentionally touched Plaintiff.

61. Defendants used unreasonable force to arrest and/or detain Plaintiff.

62. Plaintiff did not consent to the use of that force.

63. Plaintiff was harmed.

64. Defendants' use of unreasonable force was a substantial factor in causing Plaintiff's harm.

65. Defendant CITY OF SACRAMENTO is generally liable through the principles of *respondeat superior*/vicarious liability for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment. *See* Cal. Gov. Code §§ 815.2(a), 820.

66. Plaintiff is entitled to punitive damages against Defendants (except for Defendant CITY OF SACRAMENTO), because Defendants' actions constitute oppression and/or malice resulting in great harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## EIGHTH CAUSE OF ACTION

Intrusion Into Private Affairs

(California Government Code Sections 815.2(a) and 820)

**Against Defendants CITY OF SACRAMENTO, JAY BROWN, FONG, and DOES 1 to 50**

67. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

68. Plaintiff had a reasonable expectation of privacy in his home.

69. Defendants intentionally intruded into Plaintiff's home.

70. Defendants' intrusion would be highly offensive to a reasonable person.

71. Plaintiff was harmed.

7

72. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

73. Defendant CITY OF SACRAMENTO is generally liable through the principles of *respondeat superior*/vicarious liability for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment. *See* Cal. Gov. Code §§ 815.2(a), 820.

74. Plaintiff is entitled to punitive damages against Defendants (except for Defendant CITY OF SACRAMENTO), because Defendants' actions constitute oppression and/or malice resulting in great harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## NINTH CAUSE OF ACTION

### Interference With Civil Rights

**(California Civil Code section 52.1; California Government Code Sections 815.2(a) and 820)**

**Against Defendants CITY OF SACRAMENTO, JAY BROWN, FONG, and DOES 1 to 50**

75. Plaintiff realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Cause of Action.

76. Defendants intentionally interfered with Plaintiff's civil rights by threats, intimidation, or coercion when Defendants made threats of violence against Plaintiff and his property, and utilized excessive force against Plaintiff during the course of an unlawful search, seizure, arrest and/or detention, in violation of Plaintiff's rights secured under the Fourth Amendment to the United States Constitution, and his rights under article I, section 13 of the California Constitution.

77. Plaintiff was harmed.

78. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

79. Defendant CITY OF SACRAMENTO is generally liable through the principles of *respondeat superior*/vicarious liability for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment. *See* Cal. Gov. Code §§ 815.2(a), 820.

80. Plaintiff is entitled to punitive damages against Defendants (except for Defendant CITY OF SACRAMENTO), because Defendants' actions constitute oppression and/or malice resulting in great harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks Judgment as follows:

1. An award compensatory, general, and special damages, according to proof at trial;

2. For exemplary/punitive damages against Defendants JAY BROWN and FONG, in an amount sufficient to deter and to make an example of them, because their actions, as alleged herein, were motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Plaintiff, and constitute oppression and/or malice resulting in great harm to Plaintiff;

3. An award of Plaintiff's reasonable attorneys' fees and costs, pursuant to United States Code, title 42, section 1988, California Civil Procedure Code section 1021.5, California Civil Code section 52.1, and any other statute as may be applicable; and

4. An award of any other further relief as the Court deems fair, just, and equitable.

DATED: October 28, 2014

Respectfully Submitted,

LAW OFFICE OF MARK E. MERIN

By: _____
Mark E. Merin

Attorney for Plaintiff
ARLIE HALCOMB

9

COMPLAINT; DEMAND FOR JURY TRIAL
*Halcomb v. City of Sacramento*; Superior Court of California, County of Sacramento, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff ARLIE HALCOMB.

DATED: October 28, 2014

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

By: _____
Mark E. Merin

Attorney for Plaintiff
ARLIE HALCOMB

10

COMPLAINT; DEMAND FOR JURY TRIAL
*Halcomb v. City of Sacramento*; Superior Court of California, County of Sacramento, Case No. _____

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark E. Merin (SBN 043849)<br>LAW OFFICE OF MARK E. MERIN<br>1010 F Street, Suite 300<br>Sacramento, California 95814<br>TELEPHONE NO.: (916) 443-6911   FAX NO.: (916) 447-8336<br>ATTORNEY FOR *(Name):* Plaintiff ARLIE HALCOMB | FILED<br>Superior Court Of California,<br>Sacramento<br>10/28/2014<br>tsmith<br>By_____, Deputy<br>Case Number:<br>34-2014-00170783 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, California 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
HALCOMB v. CITY OF SACRAMENTO

| CIVIL CASE COVER SHEET | Complex Case Designation |
|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402)  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☑ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action *(specify):* 9 (Nine)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 28, 2014

_____       ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |



# SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

* **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

* **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

* **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

* **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

* **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



Superior Court of California, County of Sacramento
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

<u>UNLIMITED CIVIL CASES</u>
- A *Stipulation and Order to Mediation – Unlimited Civil Cases*, Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

<u>LIMITED CIVIL CASES</u>
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.


## Arbitration
### UNLIMITED CIVIL CASES

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

### Additional Information
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

| Attorney or Party without Attorney: <br> MARK E. MERIN ESQ., Bar #043849 <br> LAW OFFICES OF MARK E. MERIN <br> 1010 F STREET <br> SUITE 300 <br> SACRAMENTO, CA 95814 <br> Telephone No: 916-443-6911    FAX No: 916-447-8336 <br> Ref..No. or File No.: <br> Attorney for: Plaintiff | For Court Use Only <br> |
|---|---|

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SACRAMENTO COUNTY SUPERIOR COURT |

Plaintiff: ARLIE HALCOMB
Defendant: CITY OF SACRAMENTO

| PROOF OF SERVICE <br> SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: <br> 34-2014-00170783 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; ADR INFO

3. a. Party served:                CITY OF SACRAMENTO
   b. Person served:               KIEARA HAYDEN, AUTHORIZED TO ACCEPT SERVICE; Black, Female, 30
                                   Years Old, Black Hair, 5 Feet 8 Inches, 150 Pounds

4. Address where the party was served:   915 I STREET
                                         4TH FLOOR, PUBLIC COUNTER
                                         SACRAMENTO, CA 95814

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Oct. 31, 2014 (2) at: 3:15PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: CITY OF SACRAMENTO
   Under CCP 416.50 (public entity)

7. Person Who Served Papers:                            Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEREMY GLAZE                          d. The Fee for Service was:   $30.00
      2300 P Street                         e. I am: (3) registered California process server
      Sacramento, CA 95816                     (i)   Owner
      (916) 498-0808                           (ii)  Registration No.:   2011-65
      FAX (916) 498-0817                       (iii) County:             Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Sat, Nov. 01, 2014

                                                                      (JEREMY GLAZE)

Judicial Council Form POS-010                PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007       SUMMONS & COMPLAINT                              meme.255427

| | | | | |
|---|---|---|---|---|
| *Attorney or Party without Attorney:*<br>MARK E. MERIN ESQ., Bar #043849<br>LAW OFFICES OF MARK E. MERIN<br>1010 F STREET<br>SUITE 300<br>SACRAMENTO, CA 95814<br>*Telephone No:* 916-443-6911 *FAX No:* 916-447-8336<br><br>*Attorney for:* Plaintiff | | | | *For Court Use Only*<br><br>**FILED/ENDORSED**<br><br>NOV 17 2014<br><br>By: J. Baker<br>DEPUTY CLERK |
| *Ref. No. or File No.:* | | | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>SACRAMENTO COUNTY SUPERIOR COURT | | | | |
| *Plaintiff:* ARLIE HALCOMB | | | | |
| *Defendant:* CITY OF SACRAMENTO | | | | |
| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>34-2014-00170783 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; ADR INFO

3. a. *Party served:* FONG, IN HIS INDIVIDUAL CAPACITY AS A CITY OF SACRAMENTO POLICE OFFICER
   b. *Person served:* AMY SMITH, COURT LIASON, White, Female, 45 Years Old, Blonde Hair, Blue Eyes, 5 Feet 8 Inches, 150 Pounds

4. *Address where the party was served:* SACRAMENTO POLICE DEPARTMENT
   901 G STREET
   SACRAMENTO, CA 95814

5. *I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon., Nov. 03, 2014 (2) at: 9:40AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

7. *Person Who Served Papers:*
   a. JEREMY GLAZE
   
   2300 P Street
   Sacramento, CA 95816
   (916) 498-0808
   FAX (916) 498-0817

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:* $20.00
   e. I am: (3) registered California process server
      (i) Owner
      (ii) *Registration No.:* 2011-65
      (iii) *County:* Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Tue, Nov. 04, 2014

   (JEREMY GLAZE)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT

memo.255430

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| MARK E. MERIN ESQ., Bar #043849<br>LAW OFFICES OF MARK E. MERIN<br>1010 F STREET<br>SUITE 300<br>SACRAMENTO, CA 95814<br>Telephone No: 916-443-6911   FAX No: 916-447-8336 | | | | | FILED/ENDORSED<br>NOV 1 7 2014<br>By: J. Baker<br>DEPUTY CLERK |
| Attorney for: Plaintiff | | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>SACRAMENTO COUNTY SUPERIOR COURT | | | | | |
| Plaintiff: ARLIE HALCOMB | | | | | |
| Defendant: CITY OF SACRAMENTO | | | | | |
| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>34-2014-00170783 | |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; ADR INFO

3. a. Party served: JAY BROWN, IN HIS INDIVIDUAL CAPACITY AS A CITY OF SACRAMENTO POLICE OFFICER
   b. Person served: AMY SMITH, COURT LIASON, White, Female, 45 Years Old, Blonde Hair, Blue Eyes, 5 Feet 8 Inches, 150 Pounds

4. Address where the party was served: SACRAMENTO POLICE DEPARTMENT
   901 G STREET
   SACRAMENTO, CA 95814

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon., Nov. 03, 2014 (2) at: 9:40AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. Person Who Served Papers:
   a. JEREMY GLAZE
   2300 P Street
   Sacramento, CA 95816
   (916) 498-0808
   FAX (916) 498-0817

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was: $30.00
   e. I am: (3) registered California process server
      (i) Owner
      (ii) Registration No.: 2011-65
      (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date: Tue, Nov. 04, 2014

   (JEREMY GLAZE)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007
PROOF OF SERVICE
SUMMONS & COMPLAINT
meme.235428