1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ARLIE HALCOMB,                          No.  2:14-cv-02796 MCE DAD

12               Plaintiff,

13        v.                                  **MEMORANDUM AND ORDER**

14    CITY OF SACRAMENTO, et al.,

15               Defendants.

16

17        Pending before the Court is Plaintiff's Motion to Strike Defendants' Affirmative

18    Defenses (ECF No. 17).  For the reasons that follow, Plaintiff's Motion is GRANTED in

19    part and DENIED in part.[1]

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    _____

28        [1]  Because oral argument would not have been of material assistance, the Court ordered this
matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

1

1

## BACKGROUND[2]

2

3      Defendants Justin Brown, Paul Fong, and Andrew Leal ("Defendants") are police

4  officers for the City of Sacramento.  At midnight on August 8, 2014, Plaintiff awoke in his

5  apartment to the sight of Defendants attempting to wrench the front window from its

6  track.  When Defendants spotted Plaintiff through the window, they informed him that

7  they would kick down the front door if Plaintiff did not open it voluntarily.  Defendants

8  identified themselves as police officers and claimed they had a warrant.

9      When Plaintiff opened the door, Defendants entered, placed Plaintiff in handcuffs,

10  threw him on a couch, and asked for "Rosa Davalos."  Defendants were not gentle in

11  their handling of Plaintiff:  they grabbed him "roughly," "twist[ed] his injured right arm and

12  shoulder over his back up to his neck," and threw him on the couch "with such force that

13  the main supporting center board was broken."  Although Plaintiff informed Defendants

14  that Davalos lived in the neighboring unit—a fact "which was clearly labeled on the

15  mailbox"—Defendants remained in Plaintiff's residence "and abus[ed] Plaintiff and his

16  fiancée" for almost an hour.  Defendants left after running a warrant search and

17  determining that there were no warrants for either Plaintiff or his fiancée.

18      Plaintiff asserts the following claims against Defendants:  unreasonable search,

19  excessive force, unlawful arrest, negligence, false arrest, intentional infliction of

20  emotional distress, assault and battery, intrusion into private affairs, and interference

21  with civil rights.  Defendants have filed an Amended Answer to the FAC (ECF No. 14)

22  that asserts six affirmative defenses.  Through the pending Motion, Plaintiff requests that

23  the Court strike five of Defendants' affirmative defenses.

24  ///

25  ///

26  ///

27

28      [2]  The following statement of facts is based on the allegations in Plaintiff's First Amendment
Complaint ("FAC").  See ECF No. 10.

1

**STANDARD**

2

3        An affirmative defense is an "assertion of facts and arguments that, if true, will

4    defeat the plaintiff's [] claim, even if all the allegations in the complaint are true."  Black's

5    Law Dictionary (10th ed. 2014).  An insufficiently pled affirmative defense may be

6    stricken under Federal Rule of Civil Procedure 12(f).  In this District, "affirmative

7    defenses are subject to the heightened pleading standards announced in Twombly and

8    Iqbal."  Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595, 603 (E.D.

9    Cal. 2013); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal,

10   556 U.S. 662 (2009).  Thus, "each affirmative defense must be supported by factual

11   allegations," and "neither legal conclusions nor conclusory statements are themselves

12   sufficient" to survive a motion to strike.  Dodson, 289 F.R.D. at 603.

13       "[A] district court should grant leave to amend even if no request to amend the

14   pleading was made, unless it determines that the pleading could not possibly be cured

15   by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

16   (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a).

17

18

**ANALYSIS**

19

20       The Court will address each of the contested affirmative defenses in turn.

21   **A.  Comparative Fault**

22   Defendants' first affirmative defense, in its entirety, states:

23           Defendants allege that Plaintiff's conduct was aggressive and
             threatening giving rise to the belief that he was a threat to the
24           safety of the officers.  Plaintiff is barred from recovery, in
             whole or part, because his sole or partial negligence was the
25           proximate cause of the acts and events alleged in the
             complaint.
26

27   Defs.' Am. Answer at 7.  Plaintiff argues that Defendants' first affirmative defense is

28   insufficiently pled because it does not provide any facts in support of Defendants' claim

1   that Plaintiff was "aggressive and threatening."  Although Defendants need not provide

2   "detailed factual allegations," this first affirmative defense is nothing more than an

3   "unadorned [] accusation" or "naked assertion."  See Iqbal, 556 U.S. at 677-78.

4   Accordingly, Plaintiff's Motion to Strike is GRANTED as to Defendants' first affirmative

5   defense.

6   **B.  Immunity**

7   Defendants' second affirmative defense, in its entirety, states:  "Each act or

8   omission alleged in the complaint falls within the immunities and defenses described in

9   sections 800 through 995 of the California Government Code, including but not limited

10  to, sections 815.2, 820.2, 820.4, AND 821."  Defs.' Am. Answer at 7.  Plaintiff contends

11  that this affirmative defense is insufficiently pled because Defendants do not specify

12  which of nearly 200 sections of the California Government Code it is based or to which

13  "acts or omissions" the defense applies.

14  Contrary to Plaintiff's arguments, the second affirmative defense does in fact

15  identify specific sections of the California Government Code (specifically sections 815.2,

16  820.2, 820.4, and 821).  Additionally, Defendants' Answer clearly states that the

17  affirmative defense is applicable to "each act or omission alleged in the complaint."

18  Nevertheless, because Defendants have not pled any facts to support their claim of

19  immunity, Plaintiff's Motion to Strike is GRANTED as to Defendants' second affirmative

20  defense.

21  **C. Good Faith**

22  Defendants' third affirmative defense, in its entirety, states:  "Defendants allege

23  that they acted in good faith, without malice, without wrongful intent, and within the

24  scope of the lawful performance of their regularly assigned duties as police officers at all

25  times alleged in the complaint."  Defs.' Am. Answer at 7-8.  Plaintiff contends this is not

26  an affirmative defense, but rather a simple denial of Plaintiff's allegations.  Plaintiff

27  further argues that Defendants have not provided sufficient factual support for their

28  assertion of good faith.

4

1   The Court first rejects Plaintiff's argument that good faith is not an affirmative

2   defense, as the Ninth Circuit has made clear that good faith can be an "affirmative

3   defense to punitive damages."  See Alvarado v. Fed. Express. Corp., 384 F. App'x 585,

4   590 (9th Cir. 2010) (citing Passantino v. Johnson & Johnson Consumer Prods., Inc., 212

5   F.3d 493, 516-17 (9th Cir. 2000)).[3]  Nevertheless, Defendants' third affirmative defense

6   must be stricken, as Defendants' Amended Answer does not provide any facts in support

7   of Defendants' assertion of good faith.  To the extent that Defendants' assertion of good

8   faith is based on the arrest warrant for Rosa Davalos, the Amended Answer does not

9   explain why Defendants suspected Davalos would be inside of Plaintiff's apartment.

10   Instead, these details are provided by Defendants in their Opposition.  Cf. Defs.' Opp'n

11   at 1, ECF No. 19 ("Unbeknownst to the officers, Davalos switched apartments with

12   Plaintiff a short time prior but there was no record of her move.").[4]  Thus, Plaintiff's

13   Motion to Strike is GRANTED with leave to amend as to Defendants' third affirmative

14   defense.

15   **D.  Failure to Mitigate**

16   Defendants' fourth affirmative defense, in its entirety, states:  "Plaintiff's claims are

17   barred, in whole or part, due to Plaintiff's failure to mitigate the personal injury type

18   damages alleged in the complaint."  Defs.' Am. Answer at 8.  Plaintiff contends that this

19   affirmative defense is insufficiently pled and, in any event, is not relevant because

20   Plaintiff has not alleged that his damages are "continuing."[5]  Defendants counter that

21   they included the affirmative defense because Plaintiff's FAC does not clearly indicate

22   whether he suffers continuing damages.  See Defs.' Opp'n at 6 (noting the Plaintiff has

23

24      [3]  Plaintiff has specifically requested punitive damages.  FAC at 9.

25      [4]  The Court notes that Defendants' Opposition is significantly more detailed than the Amended

26   Answer.  See, e.g., Defs.' Opp'n at 1-2 ("After Plaintiff threatened to shoot the officers in the head, he was handcuffed while the officers searched the apartment for Davalos.").

27      [5]  See Valle De Oro Bank N.A. v. Gamboa, 26 Cal. App. 4th 1686, 1691 (1994) ("Typically, the rule of mitigation of damages comes into play when the event producing injury or damage has already

28   occurred and it then has become the obligation of the injured or damaged party to avoid continuing or enhanced damages through reasonable efforts.").

1  vaguely alleged that he "was harmed," "was actually harmed," and "did suffer severe

2  emotional distress").

3       Although Defendants have not pled any facts in support of the affirmative

4  defense, their pleading is only as bare as the allegation of damages in Plaintiff's FAC.

5  Accordingly, Plaintiff's Motion is DENIED as to Defendants' fourth affirmative defense.

6       **E. Warrant**

7       Defendants' sixth affirmative defense,[6] in its entirety, states:

8            The entry into Plaintiff's home, the search of Plaintiff's home,
             and the detention of Plaintiff to accommodate the necessities
9            of the search were lawful acts pursuant to a lawfully issued
             arrest warrant for Rosa Davalos because Defendants had
10           reason to believe that Rosa Davalos was inside Plaintiff's
             home.

11

12  Defs.' Am. Answer at 8.  Plaintiff contends that this affirmative defense is simply a denial

13  of Plaintiff's allegations, and that Defendants have not pled sufficient factual allegations.

14       Plaintiff fails to appreciate that Defendants' allegations—specifically, that

15  Defendants had an arrest warrant for Davalos and that they had reason to believe she

16  was inside of Plaintiff's apartment—might defeat several of Plaintiff's claims.  See Heien

17  v. North Carolina, 135 S. Ct. 530, 539 (2014) ("The Fourth Amendment tolerates only

18  reasonable mistakes, and those mistakes—whether of fact or of law—must be

19  objectively reasonable."); Steagald v. United States, 451 U.S. 204, 221 (1981) ("An

20  arrest warrant alone will suffice to enter a suspect's own residence to effect his arrest.");

21  Hill v. California, 401 U.S. 797, 802 (1971) ("[W]hen the police have probable cause to

22  arrest one party, and when they reasonably mistake a second party for the first party,

23  then the arrest of the second party is a valid arrest").  Additionally, although Defendants

24  could have provided additional facts, the sixth affirmative defense is sufficiently pled.

25  Plaintiff's Motion is therefore DENIED as to the sixth affirmative defense.

26  ///

27  ///

28       [6] Plaintiff did not move to strike Defendants' fifth affirmative defense.

6

**CONCLUSION**

Thus, Plaintiff's Motion to Strike (ECF No. 17) is GRANTED as to the first, second, and third affirmative defenses, and DENIED as to the fourth and sixth affirmative defenses in Defendants' Amended Answer.  Because the deficiencies noted by the Court can be cured by amendment, Defendants are granted leave to file a Second Amended Answer within twenty (20) days of the electronic filing of this Order.  If Defendants fail to file a Second Amended Answer, this case will proceed on the First Amended Answer (ECF No. 14) with the first, second, and third affirmative defenses stricken therefrom.

IT IS SO ORDERED.

Dated:  June 18, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT