1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARLIE HALCOMB,                          No.  2:14-cv-2796 MCE DAD

12              Plaintiff,

13       v.                                  ORDER

14   CITY OF SACRAMENTO, et al.,

15              Defendants.

16

17          On June 5, 2015, this matter came before the undersigned for hearing of plaintiff's motion

18   to compel.  Attorneys Mark Merin and Paul Masuhara appeared on behalf of the plaintiff and

19   Senior Deputy City Attorney Andrea Velazquez appeared on behalf of the defendants.  After

20   hearing argument from the parties, the court took the motion under submission.  On June 10,

21   2015, the undersigned issued an order directing the parties to file simultaneous briefs addressing

22   whether the discovery at issue should be produced only subject to a protective order.  (Dkt. No.

23   24.)  The parties filed their briefs on June 17, 2015.  (Dkt. Nos. 25 & 26.)

24          Plaintiff's motion to compel seeks the production of un-redacted copies of Sacramento

25   Police Department General Order 550.03, General Order 560.02 and General Order 580.02,

26   ("General Orders"), redacted copies of which were previously produced by defendants to

27   plaintiff.  Defendants assert that the information that they have redacted from the General Orders

28   as produced is protected by the official information privilege.  Counsel for plaintiff argues that

                                            1

1    defendants' assertion of the privilege is inadequately supported and that the un-redacted versions

2    of the General Orders should be produced to plaintiff without a protective order.

3         A party seeking to invoke the official information privilege "must submit an affidavit

4    from an agency official which includes the following:  (1) an affirmation that the agency

5    generated or collected the material in issue and has maintained its confidentiality; (2) statement

6    that the official has personally reviewed the material; (3) specific identification of the

7    governmental or privacy interests threatened by disclosure of the material to plaintiff and/or his

8    lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would

9    still create a substantial risk of harm to significant governmental or privacy interests; and finally,

10   (5) a projection of how much harm would be done to the threatened interests if the disclosure

11   were made." Sanchez v. City of San Jose, 250 F.R.D. 468, 470 (N.D. Cal. 2008) (citing Kelly v.

12   City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

13        Here, in asserting that the redacted information is protected by the official information

14   privilege defendants have submitted the declaration of Sacramento Police Department Captain

15   James Beezley.  (JS (Dkt. No. 21-1) at 126-28.)  As suggested by the undersigned at the June 5,

16   2015 hearing on the motion, Captain Beezley's declaration does not appear to at all address how

17   disclosure of the redacted information subject to a carefully crafted protective order would still

18   create a substantial risk of harm to significant governmental or privacy interests.[1]  See Chism v.

19   County of San Bernardino, 159 F.R.D. 531, 535 (C.D. Cal. 1994) ("the opposing party's

20   declaration is supposed to describe how disclosure, even if made subject to a protective order,

21   would create a substantial risk of harm, as well as a projection of how much harm would be done

22   by disclosure"); Kelly, 114 F.R.D. at 672 ("In order to overcome the moderately weighted

23   presumption in favor of disclosure the party claiming the official information privilege must, at

24   least, specifically describe how disclosure under a carefully tailored protective order would

25   substantially harm a significant governmental interest and state how much harm would be done to

26   ────────────────────

27   [1] In their brief addressing whether the documents should be produced only subject to a protective
     order, defendants nonetheless continue to assert, without support, that they "met the threshold
     burden necessary to invoke the protections of the official information privilege."  (Defs.' Brief

28   (Dkt. No. 25) at 3.)

2

1  those threatened interests by disclosure in this particular case.").  Accordingly, the undersigned

2  finds that defendants have failed to meet their initial burden in invoking the privilege.  "If the

3  court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it

4  will order disclosure of the documents in issue."  Soto v. City of Concord, 162 F.R.D. 603, 613

5  (N.D. Cal. 1995).  See also Zackery v. Stockton Police Dep't, No. CIV S-05-2315 MCE DAD P,

6  2007 WL 1655634, at *3 (E.D. Cal. June 7, 2007).[2]

7        In their post-hearing June 17, 2015 brief, defendants argue that they have established good

8  cause for a protective order with respect to the production of unredacted General Orders because

9  Captain Beezley's declaration states that the department's General Orders "are held in confidence

10  by the Department and not publicly disseminated."  (Defs.' Brief (Dkt. No. 25.) at 4.)  Plaintiff's

11  attorney, Mark Merin, has submitted a declaration stating that the Sacramento Police Department,

12  "previously made its General Order publicly-available online."  (Merin Decl. (Dkt. No. 26-1) at

13  1.)  Attorney Merin declares that he "was able to obtain what appears to be previous versions of

14  two of the three General Orders in dispute here," General Order 550.03 and General Order

15  580.02, which were obtained when those orders "were publicly-available online," and "the

16  language of these General Orders appears to be largely consistent with the language of the

17  redacted General Orders in dispute here."  (Id.)  At the conclusion of the hearing on the pending

18  motion, defense counsel submitted the unredacted General Orders for the court's in camera

19  review.  The court has now compared the redacted General Orders in dispute here with the prior

20  General Orders obtained online by plaintiff's attorney and concurs in attorney Merin's

21  characterization.  (Compare Dkt. No. 21-1 at 80-82 with Dkt. No. 26-1 at 4-6 and Dkt. No. 21-1

22  at 84-85 with Dkt. No. 26-1 at 8.)  Therefore, it does not appear that defendants have established

23  that they have maintained the confidentiality of all of the information which they seek to produce

24  only subject to a protective order.

25  _____

26  [2]  The undersigned would note that at the June 5, 2015 hearing on the pending motion, defendants
   essentially conceded that a carefully crafted protective order would sufficiently protect
27  defendants' privacy interests.  In this regard, defendants stated that they have been willing to
   provide plaintiff with un-redacted copies of the General Orders pursuant to a stipulated protective
28  order for some time.

1    Defendants also argue that public disclosure of the redacted portions of the General

2    Orders at issue[3] would "be detrimental to the efforts of the Police Department and to the safety of

3    its officers," because the "redacted sections of the subject General Orders contain information

4    regarding police procedures, and specifically regarding when, where, how and who must respond

5    to specific types of situations."  (Defs. Brief (Dkt. No. 25) at 4.)  They assert the City protects that

6    information from public disclosure because its police officers "may face an ambush-style attack if

7    their movements and whereabouts were commonly known and anticipated."  (Id.)  Having

8    reviewed the un-redacted General Orders in camera, however, the undersigned finds no support

9    for defendants' characterization of the redacted information.  The portions of the General Orders

10   which defendants have redacted do not, in any way, concern specific tactical information that if

11   disclosed would jeopardize officer safety, as asserted in conclusory fashion in defendants'

12   supporting declaration.  Nor do the redactions concern information that would inform anyone of

13   law enforcement movements and whereabouts, as argued in defendants' brief.  Rather, the

14   redacted portions of the General Orders merely concern basic, straight forward practices and

15   procedures.  The redacted excerpts simply spell out such things as the Department's general

16   policies regarding the use of force and the responsibilities of supervisors in investigating incidents

17   involving the use of force by officers.  In no way would disclosure of the redacted information

18   make any officer's movements commonly known or anticipated.

19   Finally, defendants argue that, "[c]ourts have endorsed the use of a protective order to

20   protect the privacy interests of the public entity Defendant[.]"  (Defs.' Brief (Dkt. No. 25) at 3.)

21   Specifically, defendants argue that in discuss Kelly v. City of San Jose the court recognized that a

22   police department's interest in not permitting the general public to have access to its procedure

23   and training policies "may be weighty."  (Id.)

24   Of course, a police department may have a weighty interest in prohibiting the public

25   disclosure of training policies and procedures.  Equally true is the fact that a carefully crafted

26   protective order may protect that interest in some cases.  Most importantly for purposes of

27
_____

28   [3] As noted above, defendants have already produced to plaintiff redacted portions of the General
Orders at issue without a stipulated protective order.

4

1  resolving the pending motion, however, is recognition of the fact that the court in <u>Kelly</u> was not

2  reviewing the specific redacted General Orders at issue here.  Certainly the mere fact that the

3  discovery at issue concerns police department policies and the defendants have requested a

4  protective order does not relieve defendants of their burden of establishing good cause for

5  imposition of a protective order.  <u>See</u> <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122,

6  1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular

7  document it seeks to protect, of showing that specific prejudice or harm will result if no protective

8  order is granted."); <u>Phillips</u>, 307 F.3d at 1210-11 ("For good cause to exist, the party seeking

9  protection bears the burden of showing specific prejudice or harm will result if no protective

10  order is granted."); <u>Beckman Industries, Inc. v. International Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir.

11  1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,

12  do not satisfy the Rule 26(c) test.").

13       Here, for the reasons stated above, the undersigned finds that defendants have failed to

14  show that good cause exists to order the un-redacted General Orders produced subject to a

15  establish good cause for requiring production only pursuant to a protective order.  Accordingly,

16  plaintiff's May 14, 2015 motion to compel (Dkt. No. 18) is granted and defendants shall produce

17  to plaintiff the General Orders in question without redaction within fourteen days of the date of

18  this order.[4]

19       IT IS SO ORDERED.

20  Dated:  June 19, 2015

21

22                                      _Dale A. Drozd_

23  DAD:6                         DALE A. DROZD
   Ddad1\orders.civil\halcomb2796.oah2.060515     UNITED STATES MAGISTRATE JUDGE

24

25

26  ───────────────────────
   [4]  Plaintiff's motion to compel also sought leave of court to file a declaration establishing the

27  reasonable fees and costs incurred in support of an award of sanctions in connection with the
   motion.  The undersigned does not find that the imposition of sanctions is warranted in this

28  instance.