UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLIE HALCOMB, | No. 2:14-CV-02796-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff Arlie Halcomb ("Plaintiff") brings this action against Sacramento police officers Justin Brown, Paul Fong, and Andrew Leal, and the City of Sacramento ("City," collectively with Brown, Fong, and Leal, "Defendants") for allegedly breaking into his home, arresting him, and injuring him and his property.  Presently before the Court is Plaintiff's Motion to Amend the First Amended Complaint ("Motion").  ECF No. 30.  Plaintiff's Motion seeks to amend his First Amended Complaint to include claims for municipal liability against the City.  Those claims are predicated on policies that, according to Plaintiff, resulted in the alleged misconduct of Defendants Brown, Fong, and Leal.  For the reasons that follow, Plaintiff's Motion is GRANTED

///

///

///

1

## DISCUSSION

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, once a pretrial scheduling order is filed pursuant to Rule 16, "that rule's standards control[ ]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which primarily considers the "diligence of the party seeking amendment." Id. at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its determination by noting the prejudice to other parties. See id. (finding that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to amend).

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.  If the movant articulates a reason why amendment is needed, the "burden then shifts to the opposing party to persuade the court that 'justice' requires denial." Stoddart v. Express Services, Inc., No. 2:12–cv–01054, 2015 WL 1812833 at *2 (E.D. Cal. April 20, 2015).  The Court considers five factors in determining whether to permit an amendment to the complaint under Rule 15(a): (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party; and (5) whether the amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962). Whether amendment will unduly prejudice the opposing party is the most important factor in a court's analysis under Rule 15(a). Eminence Capital, 316 F.3d at 1052.

///

1    Defendants do not challenge Plaintiff's argument that there is good cause for
2    amendment. Instead, Defendants oppose Plaintiff's Motion only on the grounds that
3    Plaintiff's proposed amendments to the FAC are futile. ECF No. 31 at 4-8. Essentially,
4    Defendants argue that the proposed amendments are futile because they fail to state a
5    claim. Id. The Court therefore resolves the other Foman factors in Plaintiff's favor,
6    leaving only Defendants' futility argument at issue. See Jones v. Bishop, No. 09-cv-
7    0150, 2011 U.S. Dist. LEXIS 144091 at *4 (E.D. Cal. Dec. 13, 2011) ("In litigation,
8    silence by counsel is treated as non-opposition or acquiescence . . . .").
9       The Court declines to consider Defendants' futility argument in the context of this
10   Motion. Although Defendants' arguments concerning the sufficiency of Plaintiff's
11   proposed Second Amended Complaint may have merit, they should be advanced in a
12   fully-briefed motion to dismiss under Rule 12. See Anthony v. Harmon, No. 2:09-cv-
13   02272, 2010 WL 4720889 at *2 (E.D. Cal. Nov. 17, 2010) (explaining that "courts
14   generally defer consideration of challenges to the merits of a proposed amended
15   pleading until after leave to amend is granted and the amended pleading is filed."
16   (quotation and citation omitted)); Lillis v. Apria Healthcare, No. 12-cv-52, 2012 WL
17   4760908 at *1(S.D. Cal. Oct. 5, 2012). While this Court has previously addressed a
18   futility argument in the context of a motion to amend, that argument involved a relatively
19   simple statute of limitations question under the California Tort Claims Act. Clarke v.
20   Upton, 703 F. Supp.2d 1037, 1043 (E.D. Cal. 2010).
21      In contrast, Defendants' arguments here are relatively complex in that they
22   address pleading sufficiency issues involving alleged constitutional violations. These
23   arguments, even if merited, should be fully briefed in a motion to dismiss. Lillis, 2012
24   WL 4760908 at *1. Since Defendants concede that Plaintiff has satisfied all other
25   relevant factors in their Opposition to this Motion, Plaintiff's Motion is GRANTED.
26   ///
27   ///
28   ///

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 30) is GRANTED.  Plaintiff shall file his proposed Second Amended Complaint no later than twenty-one (21) days from the date this order is issued.

IT IS SO ORDERED.

Dated:  December 22, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT